Stephen R. Basser (121590)
Samuel M. Ward (216562)
**BARRACK, RODOS & BACINE**
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com
sward@barrack.com

Darren J. Robbins (168593)
Susan G. Taylor (190753)
Danielle S. Myers (259916)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
darrenr@rgrdlaw.com
susant@rgrdlaw.com
dmyers@rgrdlaw.com

*Proposed Lead Counsel for Plaintiffs and the Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DENNIS W. CHEW, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PEREGRINE PHARMACEUTICALS, INC., STEVEN W. KING, PAUL J. LYTLE, JOSEPH SHAN, and ROBERT GARNICK,

Defendants.

Case No.: 2:12-cv-08380-PSG-FMO

**CLASS ACTION**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

**ORAL ARGUMENT REQUESTED**

Date: January 28, 2013
Time: 1:30 p.m.
CTRM: 880
Judge: Hon. Philip S. Gutierrez

| | |
|---|---|
| NATHANIEL L. ANDERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PEREGRINE PHARMACEUTICALS, INC., STEVEN W. KING, PAUL J. LYTLE, JOSEPH S. SHAN and ROBERT L. GARNICK,<br><br>Defendants. | Case No.: 8:12-cv-01647-PSG-FMO |
| JAMES T. JERIE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PEREGRINE PHARMACEUTICALS, INC., STEVEN W. KING, PAUL J. LYTLE, and JOSEPH S. SHAN,<br><br>Defendants. | Case No.: 2:12-cv-08400-PSG-FMO |

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT……………….………………………..1

II. FACTUAL BACKGROUND ……………….…..……………..…………3

III. ARGUMENT ……………………………………..………...………….6

A. The Actions Should Be Consolidated ………………..…………6

B. The Tereshko Investors Group Should Be Appointed Lead Plaintiff ……………………………………..……..………..7

1. This Motion Is Timely Filed ……………………..………8

2. The Tereshko Investors Group Have the Largest Financial Interest in the Relief Sought by the Class…...……………………………..………………..8

3. The Tereshko Investors Group Satisfies Rule 23’s Typicality and Adequacy Requirements…...………………..9

C. The Court Should Approve the Tereshko Investors Group’s Selection of Lead Counsel ……………………………13

IV. CONCLUSION ……………………………………….…………16

# TABLE OF AUTHORITIES

## Cases

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ........ 9
*In re Apollo Group, Inc. Sec. Litig.*,
CV 04-2147-PHX-JAT (D. Ariz.) ........ 14
*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ........ 7, 8, 9, 13
*In re Cendant Corp. Sec. Litig.*,
109 F. Supp. 2d 235 (D.N.J. 2000) ........ 13
*In re Cohen*,
586 F.3d 703 (9th Cir. 2009) ........ 13
*In re Cooper Cos. Sec. Litig.*,
254 F.R.D. 628 (C.D. Cal. 2009) ........ 14
*In re Enron Corp. Sec.*,
586 F. Supp. 2d 732 (S.D. Tex. 2008) ........ 15
*In re McKesson HBOC, Inc. Sec. Litig.*,
126 F. Supp. 2d 1248 (N.D. Cal. 2000) ........ 13
*In re WorldCom, Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 22992 (S.D.N.Y. Nov. 12, 2004) ........ 14
*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ........ 10
*Takeda v. Turbodyne Techs., Inc.*,
67 F. Supp. 2d 1129 (C.D. Cal. 1999) ........ 6

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 23(a)(3)-(4) ........ 9
Fed. R. Civ. P. 23(a)(4) ........ 10
Fed. R. Civ. P. 42(a) ........ 2, 6

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Private Securities Litigation Reform Act of 1995**
15 U.S.C. §78u-4(a)(1) .......... 7
15 U.S.C. §78u-4(a)(3) .......... 1
15 U.S.C. §78u-4(a)(3)(A)(i) .......... 7, 8
15 U.S.C. §78u-4(a)(3)(B)(i) .......... 2, 7
15 U.S.C. §78u-4(a)(3)(B)(ii) .......... 2
15 U.S.C. §78u-4(a)(3)(B)(iii) .......... 2, 7
15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) .......... 9
15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) .......... 13
15 U.S.C. §78u-4(a)(3)(B)(v) .......... 2

Proposed Lead Plaintiffs Allan L. Tereshko, Edward Buzz Bradley and Edward Arduino (collectively the "Tereshko Investors Group") respectfully move the Court, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(3), for entry of an order: (1) consolidating the above captioned actions ("Actions"); (2) appointing the Tereshko Investors Group as Lead Plaintiff for a proposed Class consisting of all investors who purchased or otherwise acquired the securities of Peregrine Pharmaceuticals, Inc., ("Peregrine") during the period from July 17, 2012 to September 26, 2012, ("Class Period") inclusive; and (3) approving the Tereshko Investors Group's selection of Barrack, Rodos & Bacine ("Barrack") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the Class.

## I. PRELIMINARY STATEMENT

Pending before the Court are three related securities fraud class action complaints naming Peregrine, a Tustin, California based biopharmaceutical company; Steven W. King, ("King") Peregrine's president and chief executive officer ("CEO"); Paul J. Lytle, ("Lytle") Peregrine's chief financial officer ("CFO"); Joseph S. Shan, ("Shan") its vice president of clinical and regulatory affairs; and Robert L. Garnick ("Garnick"), Peregrine's head of regulatory affairs

(collectively, "Defendants").[1] In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The Tereshko Investors Group should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Tereshko Investors Group's selection of Barrack and Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1] The Actions are *Chew v. Peregrine Pharms., Inc.*, No. 12-cv-08380 (C.D. Cal.); *Anderson v. Peregrine Pharms., Inc.*, No. 12-cv-01647 (C.D. Cal.); and *Jerie v. Peregrine Pharms., Inc.*, No. 12-cv-08400 (C.D. Cal.).

## II. FACTUAL BACKGROUND

Peregrine, a biopharmaceutical company, engages in the research and development of monoclonal antibodies for the treatment and diagnosis of cancer and viral infections. Peregrine's key product is bavituximab, a PS targeting anti-body. It is conducting clinical trials of the drug as a treatment for cancers of the pancreas, liver, prostate, breast and for the viral infection Hepatitis C. More pertinently, Peregrine is studying bavituximab as a primary or front-line and second-line treatment for non-small cell lung cancer.

Throughout the Class Period, Defendants made a number of materially false and misleading statements regarding the Company's bavituximab phase II second-line non-small cell lung cancer trial ("Phase II Trial"). Peregrine trumpeted its "transformational data from a robust double-blinded, placebo-controlled Phase II proof-of-principle" clinical trial evaluating drug candidate bavituximab. Defendant King represented that the Phase II Trial achieved "the doubling of tumor response rates, a 50% increase in median progression free survival, and trends towards significant improvement in median overall survival," while proclaiming that the Company "could not be happier with the strength of the data from this robustly designed trial which gives us a clear direction and greatly enhances the probability of success as we look to Phase III development." Peregrine also reported specific Phase II Trial data regarding what it dubbed

"positive top-line results," comforting investors that "bavituximab has tremendous potential . . . and is making a difference in the lives of the patients in this trial," citing "the strength of this data in this large area of high unmet medical need…."

Defendant Shan assured investors that Peregrine's Phase II study was a "robustly-designed clinical trial, which means we included all the known design features for minimizing bias," characterizing it as a "gold standard design…typically reserved for Phase III development, even if used" and a "rigorous design." On September 7, 2012, Peregrine was still trumpeting its "rigorous" Phase II clinical trial results demonstrating "doubling of median overall survival in its bavituximab-containing arms," while stating that "robust data from this Phase II trial clearly demonstrates a significant benefit in overall survival with a good safety profile." On September 10, 2012, Peregrine issued a press release wherein defendant CEO King was quoted as stating:

> We have achieved major milestones since the end of last quarter with the unblinding of our proof-of-principle bavituximab study in second-line NSCLC in May and the recent announcement of overall survival data from the study being the most significant. The statistically significant overall survival seen in that study is an obvious

green light for us to begin plans to advance the program into Phase III and goes a long way toward validating the technology platform.

The Company's 10-Q, filed September 10, 2012, contained the positive findings concerning bavituximab that were previously reported. Meanwhile, as a result of Defendants' many positive statements and representations about Peregrine's Phase II Trial, its stock traded at artificially inflated levels during the Class Period.

Then, on September 24, 2012, the market was stunned by the revelation of the existence of "major discrepancies" in the Phase II Trial and warned that "investors should not rely on previously reported clinical data disclosed from this Phase II trial." After this news, Peregrine's stock plummeted 78% on high volume. Peregrine's stock price fell even further on September 27, 2012 immediately following the filing of its Form 8-K of September 26, 2012 with the Securities and Exchange Commission ("SEC") disclosing that the Company had received a "notice of default" from its lender as a consequence of the September 24, 2012 announcement of a "material adverse change," consequently immediately accelerating Peregrine's outstanding debt payment obligations in full.

Defendants' Class Period statements were knowingly false and misleading. The true facts concealed from the investing public were that the previously

reported results from Peregrine's Phase II Trial could not be relied upon, as major discrepancies existed between patient sample test results and patient treatment codes; Peregrine lacked the proper internal controls related to conducting clinical trials and reporting the results of the clinical trials and, lacked a reasonable basis to make positive statements about the Company or its outlook, including statements about the effectiveness of bavituximab for patients with non-small cell lung cancer, or the Company's ability to fund its operations for the next twelve months.

## III. ARGUMENT

### A. The Actions Should Be Consolidated

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). Here, the Actions assert claims on behalf of purchasers of Peregrine securities for alleged violations of the 1934 Act during the Class Period. The claims, Class Periods, Defendants and factual allegations are virtually identical. Accordingly, "[c]onsolidating these cases for all purposes will be the most efficient solution for the court, and will ease the litigation burden on all parties involved." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).

### B. The Tereshko Investors Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than twenty days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Tereshko Investors Group meets every prerequisite for

appointment as Lead Plaintiff in this Action and should therefore be appointed as Lead Plaintiff.

**1. This Motion Is Timely Filed**

On September 28, 2012, the plaintiff in the first-filed action against Peregrine published a notice of that action pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i). *See* Declaration of Samuel M. Ward in Support of Tereshko Investors Group's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Ward Decl."), Ex. 1. The notice advised Class members of the existence of the lawsuit and described the claims asserted therein. The notice also advised Class members of their right to file a motion to be appointed as lead plaintiff within sixty days of the date of the notice. The sixtieth day calculates to November 27, 2012, and is the deadline to move for appointment as Lead Plaintiff. The Tereshko Investors Group has filed its motion within sixty days of the notice.

**2. The Tereshko Investors Group Have the Largest Financial Interest in the Relief Sought by the Class**

In selecting the presumptive lead plaintiff, "[t]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 729-30. During the Class Period, the members of the Tereshko Investors Group purchased or acquired shares of Peregrine common stock and options on the NASDAQ at

artificially inflated prices and suffered net losses of $196,361 on both a FIFO basis and LIFO basis. *See* Ward Decl., Exs. 2-4 and 5 (Certifications and Loss Analysis, respectively).

The Tereshko Investors Group is presently unaware of any other movant with a larger financial interest in the relief sought by the class. Consequently, and because it also satisfies Rule 23's typicality and adequacy requirements as discussed below, the Tereshko Investors Group is entitled to the presumption that it is the most adequate plaintiff.

**3. The Tereshko Investors Group Satisfies Rule 23's Typicality and Adequacy Requirements**

In addition to the largest financial interest requirement, the PSLRA also directs that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)

(citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The Tereshko Investors Group satisfies these requirements at this stage of the litigation.

Here, the legal and factual bases for the movant's claims are typical of the claims of the members of the class, in that the members of the Tereshko Investors Group and other class members must show: (a) whether Defendants' actions violated the federal securities laws; (b) whether Defendants caused Peregrine to issue false and misleading statements; (c) whether Defendants' conduct caused the market price of Peregrine securities to be artificially inflated during the Class Period and thereby caused the losses suffered by class members; and (d) whether the members of the class have sustained damages and, if so, what is the proper measure of damages. Because there are well-defined common questions of law and fact involved in this Action, the claims asserted by movant, which are not subject to any unique defenses, are typical of the claims of the members of the proposed class.

The Tereshko Investors Group will also fairly and adequately represent the interests of the proposed Class as its interests are not antagonistic to those of the

Class and are clearly aligned with its members. Indeed, the Group's claims share substantially similar questions of law and fact with the claims of members of the proposed Class, and its claims are typical of the claims of members of the Class. Given the Group's sizable financial losses, it has a more than sufficient interest in the outcome of the case to ensure vigorous advocacy.

The Tereshko Investors Group understands the fiduciary duties of a lead plaintiff and possesses the resources to litigate the Action and supervise class counsel. Allan Tereshko is a trial judge in the Court of Common Pleas of Philadelphia and possesses considerable experience and disciplined case management skills. Edward Buzz Bradley is the Chief Executive Officer of a San Diego, California company that provides staffing for hospitals and doctors' offices. Edward Arduino has decades of experience investing in publicly traded securities. Collectively, the members of the Tereshko Investors Group have invested in Peregrine's common stock and options, thus providing a complete investment profile regarding its securities. Thus, the Tereshko Investors Group is well suited to supervise the litigation and counsel.

Moreover, the members of the Tereshko Investors Group have demonstrated their commitment to working cohesively as a group in the prosecution of the Action, as evidenced by their Joint Declaration. *See* Ward Decl., Ex. 6. Indeed, the Joint Declaration confirms the Tereshko Investors

Group's ability and inclination to oversee the litigation, past and continued meetings with each other and the counsel they selected together, and the Group's procedures for decision-making. *See* Joint Decl., Ward Decl. Ex. 6 at ¶¶ 6-11.

The members of the Tereshko Investors Group have conferred with each other and counsel in connection with the filing of the Group's motion for lead plaintiff, and to discuss management of the litigation. *See id.* ¶ 6. Importantly, the Tereshko Investors Group decided to file a joint motion for appointment as lead plaintiff. *See id.* ¶¶ 6-9. Moreover, the Group established appropriate protocols for managing the litigation to "ensure . . . that this action would be prosecuted in an efficient and cost-effective manner." *Id.* ¶ 10. Thus, the Court can be assured that the Tereshko Investors Group will effectively monitor and direct its counsel.

In addition, the Tereshko Investors Group has selected counsel that are highly experienced in prosecuting securities class actions such with an outstanding track record of vigorously and efficiently serving as lead counsel, as more fully discussed below. *See* Ward Decl. Exs. 7 and 8 (Firm Resumes of Barrack and Robbins Geller). Accordingly, the applicable Rule 23 requirements have been satisfied at this stage.

### C. The Court Should Approve the Tereshko Investors Group's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 732-33; *In re Cohen*, 586 F.3d 703 (9th Cir. 2009).

The Tereshko Investors Group has selected Barrack and Robbins Geller, highly-qualified counsel, to serve as Lead Counsel for the Class. As illustrated by the firms' biographies, Barrack and Robins Geller have extensive experience litigating securities class actions and have successfully prosecuted as lead or co-lead counsel numerous securities fraud class actions on behalf of injured investors, including several of the most significant class action securities cases since passage of the PSLRA. *See* Ward Decl., Exs. 7-8.

Among many noteworthy cases, Barrack was co-lead counsel in *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248 (N.D. Cal. 2000), No. CV-99-20743 RMW, before the Honorable Ronald M. Whyte, which ultimately settled for a total of $1.0425 billion from all defendants. Barrack served as co-lead counsel in *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 235 (D.N.J. 2000), before the Honorable William H. Walls, obtaining settlements from

defendants totaling more than $3.1 billion. Barrack also served as co-lead counsel in the *In re WorldCom, Inc. Sec. Litig.*, securing settlements totaling over $6 billion. The Honorable Denise Cote applauded the "superb" quality of representation on behalf of the class. *See, In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2004 U.S. Dist. LEXIS 22992, *67-*68, *72-73 (S.D.N.Y. Nov. 12, 2004). Ward Decl., Ex. 7 at p. 25.

On January 16, 2008, immediately after a jury rendered its unanimous trial verdict in favor of the plaintiff class in the *In re Apollo Group, Inc. Sec. Litig.*, CV 04-2147-PHX-JAT (D. Ariz.), in which Barrack served as Lead Counsel, the Honorable James A. Teilborg cited counsel's "professionalism … civility … integrity … extraordinary talent and preparation," commenting "[w]hat I have seen has just been truly exemplary." Thereafter, on April 20, 2012, Judge Teilborg noted that "Class Counsel achieved an exceptional result for the Class," adding that "such a result is unique in such securities cases and could not have been achieved without Class Counsel's willingness to pursue this risky case throughout trial and beyond." *Id*.

Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* Ward Decl. Ex. 8. District courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment

of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (Carney, J.) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

As such, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Barrack and Robbins Geller. Accordingly, the Tereshko Investors Group's selection of counsel should be approved.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

The three related securities fraud actions before the Court are virtually identical and should be consolidated. In addition, movant has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, movant respectfully requests that the Court consolidate the Actions, appoint it as Lead Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

Dated: November 27, 2012

Respectfully submitted,

By: /s/ Stephen R. Basser

Stephen R. Basser
sbasser@barrack.com
Samuel M. Ward
sward@barrack.com
**BARRACK, RODOS & BACINE**
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

Daniel E. Bacine
dbacine@barrack.com
**BARRACK, RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Telecopier: (215) 963-0838

and

*By: /s/ Darren J. Robbins*

Darren J. Robbins
darrenr@rgrdlaw.com
Susan G. Taylor
susant@rgrdlaw.com
Danielle S. Myers
dmyers@rgrdlaw.com
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

*Proposed Lead Counsel for Plaintiffs and the Class*

I hereby attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*By: /s/ Stephen R. Basser*
Stephen R. Basser